UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KIRK MCCLELLAND and TAMRE MCCLELLAND, <br><br> Plaintiffs, <br><br> v. <br><br> CHUBB LLOYD'S INSURANCE COMPANY OF TEXAS, and ROBERT LYNN PRITCHARD, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No: 5:16-cv-00108 |

MEMORANDUM OPINION

I.   INTRODUCTION

This case concerns a dispute over an insurance policy and subsequent denial of claims under the policy.   Plaintiffs Kirk McClelland and Tamre McClelland brought suit against defendant Chubb Lloyd's, the insurer, and defendant Robert Lynn Pritchard, the claims adjuster, for breach of contract, violations of Sections 541 and 542 of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, unfair insurance practices, and breach of the duty of good faith and fair dealing.   Plaintiffs' claims against defendant Pritchard were only brought under Sections 541 and 542 of the Texas and Insurance Code and for unfair insurance practices. Defendant Pritchard filed a motion to dismiss for failure to state a claim.   Plaintiffs then filed an amended complaint, which defendant moved to strike.   After defendants removed this action from state court to federal court, plaintiffs filed a motion to remand.   Defendants later moved for leave to file a supplemental response to plaintiffs' motion to remand.   Currently pending before this Court are defendants' motion to dismiss, motion to strike, and motion for leave, and plaintiffs'

motion to remand. For the following reasons, defendant's motion for leave to supplement is granted, plaintiffs' motion to remand is denied, defendant's motion to strike is denied, defendant's motion to dismiss is granted.

## II.    MOTION TO REMAND

The Court first determines plaintiffs' motion to remand, because "as long as a nondiverse party remains joined, the only issue the court may consider is that of jurisdiction itself." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016). Defendant Chubb Lloyd removed this case to this District on the basis of diversity jurisdiction. Because defendant Pritchard is a citizen of Texas, and therefore removal would be improper under 28 U.S.C. § 1441(b)(2), defendant Chubb Lloyd claims that defendant Pritchard was improperly joined so his citizenship should be disregarded for the purposes of determining diversity jurisdiction. Plaintiffs argue that defendant Pritchard was properly joined and therefore diversity jurisdiction does not exist. Plaintiffs have moved to remand this matter to state court.

### A.    Motion to for Leave to Supplement

This Court will first grant defendant's motion for leave to file a supplemental response to plaintiffs' motion to remand, ECF No. 22. The issue of whether or not to remand due to improper joinder is determined in part by the proper pleading standard. Disputes have arisen over whether the federal pleading standard or the state pleading applies in these circumstances. On March 31, 2016, after briefing concluded in this case, the Fifth Circuit decided *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, holding that the federal pleading standard applies. *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 208. Defendant sought leave to alert the Court to this development. Due to the emergence of this new controlling authority which addresses issues relevant to this case, the Court grants leave to file a supplemental response and hereby takes notice

of defendant's supplemental response, ECF No. 22-1, and plaintiffs' response thereto, ECF No.
23.

### B.    Legal Standard

Defendants may remove to the appropriate district court any action in which the district
courts have original jurisdiction. 28 U.S.C. § 1441.  District courts have original jurisdiction in
diversity actions—actions between citizens of different states that involve an amount in
controversy exceeding $75,000.  28 U.S.C. § 1332.  An action removed solely on the basis of
diversity jurisdiction may not be removed if any of the defendants are citizens of the state in which
the action was brought.  28 U.S.C. § 1441(b).  District courts are prohibited from exercising
jurisdiction when a party "has been improperly or collusively joined to manufacture federal
diversity jurisdiction." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).
Improper joinder may be established by "(1) actual fraud in the pleading of jurisdictional facts, or
(2) inability of the plaintiff to establish a cause of action against the non-diverse party in state
court." *Id.* at 573 (internal quotation marks omitted).

Under the second prong, which is at issue in this case, the test is "whether the defendant
has demonstrated that there is no possibility of recovery by the plaintiff against an in-state
defendant, which stated differently means that there is no reasonable basis for the district court to
predict that the plaintiff might be able to recover against an in-state defendant." *Id.* To make this
determination, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the
allegations of the complaint to determine whether the complaint states a claim under state law
against the in-state defendant." *Id.* The federal pleading standard, not the applicable state pleading
standard, applies when conducting this analysis. *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at
208.  The federal pleading standard dictates "[t]o pass muster under Rule 12(b)(6), [a] complaint

3

must have contained enough facts to state a claim to relief that is plausible on its face." *Id.* at 200

(citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007)) (internal quotation marks omitted).

Adjusters "may be held individually liable for violations of the Texas Insurance Code . . . [but]

they have to have committed some act that is prohibited by the section, not just be connected to an

insurance company's denial of coverage." *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.

Supp. 3d 721, 724 (N.D. Tex. 2014). "When . . . a court determines that a nondiverse party has

been improperly joined to defeat diversity, that party *must* be dismissed without prejudice." *Int'l*

*Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 209.

## C.     Analysis

The Court determines that defendant Pritchard was improperly joined because plaintiff has

not established a cause of action against him.   In the factual allegations section of plaintiff's

original petition,[1] defendant Pritchard is only identified in the following paragraph:

> Defendant Pritchard acted as the claim's adjuster on Plaintiff's claim.  Defendant
> Pritchard failed to make allotments for appropriate repair costs to the home.
> Plaintiffs presented their additional costs to Defendant Pritchard for reimbursement
> but were denied.    Further, Plaintiffs property constituted a total loss which
> established a liquidated demand under Texas Law.  Plaintiffs' demand was denied
> because Defendant claimed that the property was not a total loss because some of
> other structures, unrelated to the burnt structure, remained.

Pls.'s Original Petition 3, ECF No. 1-1.  Thereafter, the defendants appear to be referenced together

in the rest of the fact section and in the entire "Causes of Action" section, although it is difficult

to determine due to plaintiffs' use of "Defendant" or "Defendant'" (that is, plaintiff use either the

singular form of the word "Defendant"—Defendant—or use the singular form of the word

"Defendant" with an apostrophe at the end—Defendant'—which is both grammatically incorrect

and confusing).  Plaintiff has "[m]erely lump[ed] diverse and non-diverse defendants together in

---

[1] In determining whether removal jurisdiction, the Court considers the complaint at the time of removal, *i.e.*, the Original Petition. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

4

undifferentiated liability averments," which "does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant." *Studer v. State Farm Lloyds*, No. 4:13CV413, 2014 WL 234352, at \*4 (E.D. Tex. Jan. 21, 2014); *see also Jimenez v. Travelers Indem. Co.*, No. CIV.A. H-09-1308, 2010 WL 1257802, at \*6 (S.D. Tex. Mar. 25, 2010) ("Plaintiffs have failed to allege any specific facts demonstrating actionable conduct against [the adjuster], no less against her in her role as an alleged adjuster liable under Texas law, nor to differentiate between the conduct of the two Defendants.").

### 1.    *Section 541 Violations*

Although adjusters may be held individually liable for violations of the Texas Insurance Code, plaintiffs have failed to assert viable claims under Section 541 of the Texas Insurance Code against defendant Pritchard.  Plaintiffs allege that "[d]efendant failed to make an attempt to settle [p]laintiffs claim in a fair manner," a violation of Texas Insurance Code Section 541.060(a)(2).  Pls.' Original Petition 3–4.  Plaintiff has failed to allege, however, that defendant Pritchard had authority to settle plaintiffs' claim, and therefore cannot establish this cause of action against defendant Pritchard.  *See Messersmith*, 10 F. Supp. 3d at 724 ("Zimmer cannot be held liable under this section because, as an adjuster, Zimmer does not have settlement authority on behalf of Nationwide.").

Plaintiffs also allege that "[d]efendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time," a violation of Texas Insurance Code Section 541.060(a)(4) and that that "[d]efendant refused to fully compensate [p]laintiffs, under the terms of the Policy, even though [d]efendant failed to conduct a reasonable investigation," a violation of Texas Insurance Code Section 541.060(a)(7).  Pls.' Original Petition 4.  Defendant Pritchard cannot be liable under Section 541.060(a)(4) because only insurers have the authority to affirm or deny coverage,

and cannot be liable under Section 541.060(a)(7) because defendant Pritchard did not have the authority to refuse to pay the claim. *See Messersmith*, 10 F. Supp. 3d at 724–25 ("Those who can be held liable [under Section 541.160(a)(7)] are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation."); *One Way Investments, Inc. v. Century Sur. Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277, at *5 (N.D. Tex. Dec. 11, 2014) (finding that an adjuster could not be held liable under Section 541.060(a)(4) because that section applies to the obligations of insurers, not adjusters). Plaintiffs have not claimed here that defendant Pritchard had authority to affirm or deny coverage or that he had authority to refuse to pay the claim.

In addition, plaintiffs allege that "[d]efendant failed to promptly provide to [p]laintiffs a reasonable explanation of the basis of the policy . . . for the [d]efendant's denial of the claim," a violation of Texas Insurance Code Section 541.060(a)(3). Pls.' Original Petition 4. This section is similarly inapplicable to adjusters because, just as adjusters do not have the authority to affirm or deny coverage, they have "no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim." *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-CV-1087-D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015). Plaintiffs have not claimed here that defendant Pritchard had such an obligation to plaintiffs.

In sum, plaintiffs are unable to state a cause of action against defendant Pritchard for violations of Sections 541.060(a)(2), 541.060(a)(4), 541.060(a)(7), and 541.060(a)(3).

### 2. *Misrepresentation*

Plaintiffs also claim that "Defendant' unfair practice, as described above, of misrepresenting to Plaintiffs material facts relative to the coverage at issue, constitutes an unfair

6

method of competition and an unfair and deceptive act or practice in the business of insurance."

Pl.s' Original Petition 6.  This appears to allege violations of Texas Insurance Code Sections

541.051, 541.060(a)(1), 541.061, although it is difficult to determine given that plaintiffs have

cited generally to Sections 541.051, 541.060, and 541.061 in each paragraph of their section

enumerating causes of action under Section 541. *See id.*  More importantly, it is entirely unclear

from plaintiffs' pleading which, if any, of these provisions defendant Pritchard has allegedly

violated; plaintiffs' allegations regarding misrepresentations fail to attribute the misrepresentations

to defendant Pritchard.  *See* Pls.' Original Petition 3.  They again use the generic terms

"Defendant" or "Defendant'".  *Id.* at 3, 6.  The specific allegations with regard to Pritchard merely

state that he "failed to make allotments for appropriate repair costs" and "claimed that the property

was not a total loss," whereas the alleged misrepresentations, which are simply attributed to

"Defendant", were "that the damage to the Property was not covered under the Policy" and that

"Plaintiffs' damage [sic] property was excluded under the Policy." *Id.* at 3.  The Court is unable

to determine which defendant plaintiffs are referring to and whether they are claiming that

defendant Pritchard made the misrepresentations.  They have failed to "state specific actionable

conduct against the non-diverse defendant." *Studer*, 2014 WL 234352, at *4.

Similarly, in *Broadway v. Brewer*, the Eastern District of Texas considered a petition that

made allegations regarding the adjuster (Defendant Brewer)—that she failed to investigate, used a

biased consultant, and denied the claim despite liability being clear—then "continue[d] by

asserting claims of violation of Sections 541.051, 541[.]060 and 541.061 of the Texas Insurance

Code and sections of the Texas Deceptive Trade Practices Act against 'Both Defendants.'" *See*

*Broadway v. Brewer*, No. 4:08CV475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009).  The

plaintiff made "no mention of Defendant Brewer specifically or any allegations as to any conduct

by her under any of the causes of action." *Id.* The court, concluding that the plaintiff failed to state a cause of action against the adjuster, found:

> Plaintiff's petition merely alleges that "Defendants" made misrepresentations in violation of the DTPA and the Texas Insurance Code, but Plaintiff never identifies a single statement or specific misrepresentation made by Brewer. Plaintiff's "specific" allegations are essentially a verbatim recital of the statutory provisions of the Texas Deceptive Trade Practices Act or Insurance Code. The only paragraph containing allegations specific to Brewer is the "Background" portion which does not support a cause of action or specify what material facts are attributable to Brewer specifically or support any cause of action in particular.

*Id.* at *3.[2] Plaintiffs' petition here also does not attribute the misrepresentations to Pritchard and the only paragraph that does discuss Pritchard specifically does not claim that Pritchard's actions constituted misrepresentations. The section of the petition enumerating the causes of action against the defendants does not distinguish between them; it does not mention defendant Pritchard or allege conduct by him. It merely includes a verbatim recital of the statutory provision: "Defendant' [sic] unfair practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance." Pls.' Original Petition 6.

Moreover, even assuming that plaintiffs claim that the statement attributed to defendant Pritchard was a misrepresentation—which they do not—this is still insufficient to state causes of action under Section 541. The only apparent statement attributed to Pritchard here is that he "claimed that the property was not a total loss because some of the other structures, unrelated to

---

[2] A review of the petition in this case shows that the following statements were made with respect to Defendant Brewer: "Brewer took over the handling of Broadway's claims [for roof damage] and failed to properly investigate same . . . engaging in pretextual investigation. Brewer went so far as to use a notorious biased consultant to attempt to back up Brewer and Safeco's intent to deny Broadway's claim. Moreover, despite liability being reasonably clear, Brewer denied Broadway's claim." Pls.' Original Petition, *Broadway v. Brewer et al.*, No. 4:08-cv-00475, ECF No. 20-2.

the burnt structure, remained." Pls.' Original Petition 3.[3] Under Section 541.060(a)(1), "[t]he misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage," and plaintiffs have failed to allege that Pritchard made any misrepresentations regarding the details of the policy. *See Messersmith*, 10 F. Supp. 3d at 724. Similarly, in *Messersmith*, the court found that statements that "there was no damage to [claimant's] roof when in fact there was damage" and "that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage" did not "relate to the coverage at issue," and were merely "about the facts that gave rise to a policy claim." *Id.*

Similarly, Section 541.051, which prohibits misrepresenting the terms of a policy, the benefits or advantages promised by a policy, or the dividends or share of surplus to be received on the policy, and prohibits certain misrepresentations regarding the insurer, TEX. INS. CODE § 541.051, and Section 541.061, which prohibits misrepresenting *an insurance policy* by "making an untrue statement of material fact," and otherwise failing to state material facts or making misleading statements, TEX. INS. CODE § 541.061, apply to misrepresentations regarding the policy at issue, not facts underlying a claim for coverage. *See Graber v. State Farm Lloyds*, No. 3:13-CV-2671-B, 2015 WL 11120532, at *4 (N.D. Tex. Aug. 6, 2015) ("Section 541.061 contemplates . . . situations where a carrier represents 'specific circumstances' which will be covered and subsequently denies coverage."); *Slabaugh v. Allstate Ins. Co.*, No. 4:15CV115, 2015 WL 4046250, at *4 (E.D. Tex. June 30, 2015) (adopting a magistrate report and recommendation which concluded that "the type of allegations alleged against [the adjuster], all of which relate to his inspection and determination regarding the extent of hail and wind damage, are not actionable

---

[3] The rest of the section of the Petition specifically regarding defendant Pritchard does not appear to include any statements made by him. They describe a failure to make allotments for appropriate repair costs and a denial of reimbursement for additional costs.

9

under the Texas Insurance Code because they do not relate to misrepresentations about coverage provided by the terms of the policy"); *Vasquez v. Wal-Mart Associates, Inc.*, No. 3:11-CV-2739-G, 2012 WL 2715691, at *4 (N.D. Tex. July 9, 2012) (finding that the plaintiff "has not alleged that any untrue statements were made by [the adjustor] *about the policy*" and therefore she could not establish a cause of action under Section 541.061 (emphasis added)); *Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 446 (Tex. 2012) (finding that "Section 541.061 applies to the misrepresentation of an insurance policy" and that it did not apply to a dispute regarding whether the claim "was factually within the policy's terms"); *Vause v. Liberty Ins. Corp.*, 456 S.W.3d 222, 230 (Tex. App. 2014) ("Section 541.051 similarly requires evidence that the insurer misrepresented the terms or benefits of the policy.").

Defendant Pritchard's claim regarding total loss was about the facts giving rise to the claim, not the coverage at issue or the policy or the terms thereof. Therefore, plaintiffs are unable to state a cause of action against Pritchard for misrepresentation.

### 3.    *Other Claims*

Plaintiffs have also brought claims against defendant Pritchard for "unfair insurance practices" in violation of Section 541 of the Texas Insurance Code. Pls.' Original Petition 9–10. The claims in this section are identical to the claims brought under the first cause of action "Cause of Action for Violation of Section 541 by Defendant Chubb Lloyds and Pritchard." The analysis is therefore the same as above and the Court finds that plaintiffs are unable to state a cause of action. Finally, plaintiffs originally brought claims against defendant Pritchard under Section 542 of the Texas Insurance Code. *Id.* at 7. Plaintiffs appear to agree with defendant that claims against an adjuster are improper under Section 542 and have since amended their petition to drop this claim. Pls.' Mot. to Remand 3.

10

In sum, because plaintiffs are unable to state a cause of action against defendant Pritchard, the Court finds that defendant Pritchard was improperly joined. It therefore asserts jurisdiction over this matter and will deny plaintiffs' motion to remand.

## III.   MOTION TO STRIKE

Defendant's motion to strike plaintiff's first amended petition, ECF No. 10, will be denied. Rule 15 allows a party to "amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. PROC. 15. On February 1, 2016, defendant Pritchard filed a motion to dismiss under Rule 12(b)(6), ECF No. 4. Ten days later, on February 11, 2016, plaintiffs filed their first amended complaint, ECF No. 6. Plaintiffs were within their right to respond to defendant's motion to dismiss by filing an amended pleading, and did so within the requisite time frame. Therefore, defendant's motion to strike will be denied.

## IV.   MOTION TO DISMISS

Defendant Pritchard's motion to dismiss, ECF No. 4, will be granted. Whether to grant defendant Pritchard's motion to dismiss for failure to state a claim is guided largely by the same analysis as stated above. The motion here is a 12(b)(6) motion, and whether to remand for improper joinder is guided by a 12(b)(6) analysis. *Larroquette v. Cardinal Health 200*, Inc., 466 F.3d 373, 378 (5th Cir. 2006) ("These precepts are corollaries of the principal inquiry we undertake on a defendant's motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted."). To state a viable claim, plaintiffs must plead more than conclusions or "formulaic recitation[s] of the elements of a cause of action." *Bell Atl.*

11

*Corp.*, 550 U.S. at 555.  Plaintiffs must state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Regarding the large majority of plaintiffs' claims, the Court again finds that plaintiffs have failed to state enough facts to state plausible claims under Section 541 of the Texas Insurance Code.  Although plaintiffs have alleged that defendant Pritchard was the adjuster who "inspected Plaintiffs' property, made determinations as to the validity of Plaintiffs' claim, determined the scope of Plaintiffs' loss, and made valuations of Plaintiff's damage," Pls.' First Amended Petition 3, ECF No. 6,[4] plaintiffs have not plead any facts showing that Defendant Pritchard can be liable under for violations of Sections 541.060(a)(2), 541.060(a)(4), 541.060(a)(7), and 541.060(a)(3). As explained above, for a person to be liable under these provisions, they must have the authority to settle the claims (Section 541.060(a)(2)), to affirm or deny coverage (Section 541.060(a)(4)), to refuse to pay a claim (Section 541.060(a)(7)), or an obligation to provide an explanation for denial of a claim (Section 541.060(a)(3)).  Plaintiffs have not plead that defendant Pritchard had such authority or obligation.  Therefore, plaintiffs have failed to state a plausible claim for relief under these provisions against defendant Pritchard.

In addition, for the reasons stated above, plaintiffs have failed to state a cause of action against defendant Pritchard for misrepresentation.  After defendant Pritchard filed its motion to dismiss, plaintiffs filed an amended complaint, adding a small number of additional factual statements.  In addition to those summarized above, plaintiffs now add the following:

Defendant Pritchard inspected Plaintiffs' property, made determinations as to the validity of Plaintiffs' claim, determined the scope of Plaintiffs' loss, and made valuations of Plaintiff's damage. Plaintiffs made multiple attempts to communicate with Defendant Pritchard to correct his erroneous scope, valuation, and determination; however, Plaintiffs were denied and/or ignored by Defendant

[4] In response to defendant Pritchard's motion to dismiss, plaintiffs filed an amended complaint.  The Court finds that the amended complaint is largely the same as the original complaint.  Where plaintiffs have added additional facts, the Court has taken notice of them in its consideration of defendant Pritchard's motion to dismiss.

12

> Pritchard. . . . Because of Defendant Pritchard's actions, Plaintiffs' claim was not
> fully adjusted nor compensated by Defendant Chubb.

Pls. First Amended Petition 3. Nonetheless, these facts are insufficient to state a cause of action

for misrepresentation. Plaintiffs still do not attribute the misrepresentations "that the damage to

the Property was not covered under the Policy" and that "Plaintiffs' damage [sic] property was

excluded under the Policy," to defendant Pritchard. *See id.* Nor have they altered their "cause of

action" section to identify the alleged misrepresentations made by defendant Pritchard. It still

states "Defendant' unfair practice, as described above, of misrepresenting to Plaintiffs material

facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair

and deceptive act or practice in the business of insurance." *Id.* at 6.

Plaintiffs' opposition to defendant Pritchard's motion to dismiss does not convince this

Court otherwise. Plaintiffs argue that:

> It is a violation of Chapter 541 of the Texas Insurance Code and an Unfair Insurance
> Practice to fail to make an attempt to settle a claim in a fair manner, fail to provide
> an insured a reasonable explanation under the policy for any denial, and fail to fully
> compensate an insured for their loss. These actions were committed by Defendant
> Pritchard through his inadequate inspections, his attempt to underpay Plaintiffs by
> replacing their goods that were not of the same like, kind or quality, and refusing
> to explain to the insureds why their building was not a total loss after it completely
> burned down and had to be rebuilt, including the slab.

Pls.' Opp. To Def.'s Mot. to Dismiss 3, ECF No. 12. Plaintiffs still do not claim that defendant

Pritchard specifically made any misrepresentations.[5]

"[F]or an adjuster to be held individually liable, they have to have committed some act that

is prohibited by the section, not just be connected to an insurance company's denial of coverage."

---

[5] The Court again notes that plaintiffs have brought claims against defendant Pritchard for "unfair insurance practices" in violation of Section 541 of the Texas Insurance Code, which are identical to the claims brought under the first cause of action "Cause of Action for Violation of Section 541 by Defendant Chubb Lloyds and Pritchard." The analysis is therefore the same as above and the Court finds that plaintiffs have failed to state claim for relief. Both parties agree that plaintiffs are unable to bring claims against defendant Pritchard under Section 542 of the Texas Insurance Code, and plaintiffs have dropped this claim in their amended petition.

*Messersmith*, 10 F. Supp. 3d at 724.  Plaintiffs have not sufficiently stated causes of action against defendant Pritchard individually and separate from defendant Chubb Lloyd's.  The Court will therefore grant defendant Pritchard's motion to dismiss.

## V.    CONCLUSION

For the reasons stated above, the Court will grant defendant Chubb Lloyd's motion for leave to supplement, deny plaintiffs' motion to remand, deny defendant Chubb Lloyd's motion to strike, and grant defendant Pritchard's motion to dismiss.

Date: September **3ᴼ**, 2016

Royce C. Lamberth
U.S. District Judge